IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 NOV 29 AM 10:00

THOMAS M. GOULD
CLERK, US DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| CEDRICK WRIGHT a/k/a CESARÉ PAYNE, | X X X X | |
| Plaintiff, | X X | |
| vs. | X X | No. 05-2788-B/An |
| MR. BOWER, et al., | X X | |
| Defendants. | X X X | |

ORDER CORRECTING THE DOCKET
ORDER ASSESSING $250 FILING FEE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff Cedrick Wright a/k/a Cesaré Payne, RNI number 112750,[1] who is presently an inmate at the Shelby County Detention Center ("SCDC") in Memphis, Tennessee,[2] filed a pro se complaint pursuant to 42 U.S.C. § 1983 on October 21, 2005 in connection with his previous confinement at the Shelby County Criminal Justice Complex ("Jail"), where his booking number was 05114514.[3] The Clerk

---

[1]  For future reference in the event plaintiff files additional lawsuits, plaintiff's Tennessee Department of Correction prisoner number is 127331.

[2]  The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

[3]  Although the Clerk did update the docket to include the prisoner's current address, the docket incorrectly lists the plaintiff's booking number, rather than his RNI number. The Clerk is ORDERED to correct the docket to list
(continued...)

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 11-29-05



shall record the defendants as Mr. Bower, who is described as the Medical Director of Mental Health; Ms. Jackson; and Rod Bowers.[4]

I. Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), a prisoner bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a).[5] The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, the plaintiff has properly completed and submitted both an in forma pauperis affidavit containing a certification by the trust fund officer and a trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall

---

[3]   (...continued)
the prisoner's RNI number.

[4]   Although the listing of defendants includes the designation "et al.," the Court will not speculate as to the identity of any individual or entity the plaintiff intends to sue. Moreover, the in forma pauperis affidavit lists Shelby County Sheriff Mark Luttrell as a defendant but, as he is not included in the case caption or body of the complaint, he is not a party to this action.

[5]   Effective March 7, 2005, the civil filing fee was increased to $250 from $150.

collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account, and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that, after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

    Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Director of the SCDC to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II.  Analysis of Plaintiff's Claims

The complaint alleges that, on August 28, 2005, plaintiff was hearing voices and having violent urges. He informed two Jail officials who are not parties to this action, and a mental health counselor told the plaintiff he would receive an evaluation to determine if he needed medication and a new housing assignment. That night, plaintiff was reclassified to a housing pod for homicidal inmates for seven (7) days, but he did not receive a

mental health evaluation. Accordingly, plaintiff asserts he has been denied medical attention in violation of the Eighth Amendment.

On or about October 13, 2005, plaintiff was escorted to the medical unit to be seen for a possible hernia. By coincidence, plaintiff met with defendant Jackson, who is alleged to be a "mental health personel" [sic] and who referred plaintiff to a clinical psychologist. Plaintiff was reclassified to a different housing assignment where he was not to have a cellmate. On October 15, 2005, plaintiff allegedly met with Mr. Brown, who is "assumably [sic] a clinical psychiatrist," and was prescribed medication.

The remaining factual allegations of the complaint are not clear. The complaint asserts that "I/M Wright would to [sic] like to make the Court aware that while being housed in 2nd flr N-Pod Inmate Wright was not to be moved until authorized by a 'psych' doctor, which at that point never occurred, I/M Wright was moved by Ofc. Boyland[, who is not a party to this action,] to 2-M-Pod on or about 08-1-05.[6] In danger I/M and possible other inmates[.] Inmate Wright claims his 8th Amendment was violated along with due process clause."

The plaintiff seeks injunctive relief and monetary compensation.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without

---

[6] This apparently occurred approximately four weeks before the plaintiff reports hearing voices and experiencing violent urges.

5

demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through grievance system). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). To comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Id. at 642; see also Boyd v. Corrections Corp. of Am., 380 F.3d 989, 985-96 (6th Cir. 2004) (describing the standard for demonstrating exhaustion when prison officials fail to respond in a timely manner to a grievance), cert. denied, 125 S. Ct. 1639 (2005); Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a sua sponte dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit

6

documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust those remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). Finally, the Sixth Circuit recently held that district courts are required to dismiss a complaint in its entirety, pursuant to 42 U.S.C. § 1997e(a), that contains any unexhausted claims. Jones Bey v. Johnson, 407 F.3d 801, 805-09 (6th Cir. 2005).

In this case, the plaintiff has not satisfied his burden of demonstrating, through particularized averments, that he exhausted his administrative remedies as to his claims. Attached to the complaint is a copy of a grievance (Grievance No. 125460) the plaintiff submitted on or about September 4, 2005 concerning defendant Bower's failure to give the plaintiff a mental examination. The matter was deemed grievable on October 6, 2005.[7] The designation "Grievable" means that the grievance "[m]eets policy requirements to be investigated." The complaint is silent as to the eventual resolution of the grievance and whether plaintiff appealed to the highest available level. Thus, plaintiff has arguably exhausted a claim against defendant Bower concerning the August 28, 2005 incident.

Plaintiff has not, however, exhausted the incidents of October 13-15, 2005, and he has not exhausted his claims against

---

[7] The document indicates that the grievance was not processed earlier due to an error by Jail personnel.

defendants Jackson and Rod Bowers, as required by <u>Moorer v. Price</u>, 83 Fed. Appx. 770, 772 (6th Cir. Dec. 9, 2003) (plaintiff did not exhaust claim against warden because his grievance did not identify the warden or articulate any claim against her); <u>Thomas v. Woolum</u>, 337 F.3d 720, 733-34 (6th Cir. 2003); and <u>Curry</u>, 249 F.3d at 504.

The Sixth Circuit recently stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed <u>sua sponte</u>." <u>Baxter</u>, 305 F.3d at 489. Moreover, pursuant to the recent decision in <u>Jones Bey</u>, a district court must dismiss any complaint that contains unexhausted claims rather than attempting to sever the exhausted claims. Accordingly, the Court DISMISSES the complaint, without prejudice, pursuant to 42 U.S.C. § 1997e(a).[8]

III. <u>Appeal Issues</u>

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision <u>in forma pauperis</u>. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken <u>in forma pauperis</u> if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. <u>Id.</u> Accordingly, it

---

[8] As the Sixth Circuit has explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." <u>Baxter</u>, 305 F.3d at 489.

would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[9] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the

---

[9] Effective November 1, 2003, the fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

9

appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

IT IS SO ORDERED this 28th day of November, 2005.

/s/ J. Daniel Breen
J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in case 2:05-CV-02788 was distributed by fax, mail, or direct printing on November 29, 2005 to the parties listed.

---

Cedrick Wright
Shelby County Correctional Center
05114514
1045 Mullins Station Road
Memphis, TN 38134

Honorable J. Breen
US DISTRICT COURT